1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE A. BROWN,

11              Plaintiff,                    No. CIV S-10-1758 LKK DAD PS

12        v.

13   BANK OF AMERICA N.A., et al.,            ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              On May 28, 2010, plaintiff, proceeding pro se, filed a complaint for damages in

17   Placer County Superior Court.  On July 8, 2010, Bank of America, N.A., the only defendant

18   named in the complaint, removed the case to the above-captioned district court.  The case was

19   referred to the undersigned pursuant to Local Rule 302(c)(21).

20              On July 15, 2010, defendant filed a motion to dismiss plaintiff's claims with

21   prejudice pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the grounds that

22   plaintiff's complaint fails to satisfy the notice requirements of Rule 8(a) and fails to state any

23   legally cognizable claim upon which relief may be granted.  The record reflects that defendant's

24   motion was properly served on the pro se plaintiff.  On August 27, 2010, the case came before

25   the court for hearing on defendant's properly noticed motion.  Brett B. Goodman, Esq. appeared

26   telephonically for the defendant.  No appearance was made by or on behalf of plaintiff.

                                            1

1   Upon consideration of all written materials filed in connection with the motion
2   and the entire file, the undersigned recommends that defendant's motion to dismiss be granted
3   and this action be dismissed with prejudice.

4   LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

5   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
6   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
7   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
8   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
9   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
10  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,
11  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the
12  plaintiff's claims, even if the plaintiff's allegations are true.

13  In determining whether a complaint states a claim on which relief may be granted,
14  the court accepts as true the allegations in the complaint and construes the allegations in the light
15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
17  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
18  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
19  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The
20  court is permitted to consider material which is properly submitted as part of the complaint,
21  documents not physically attached to the complaint if their authenticity is not contested and the
22  plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los
23  Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

24  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
25  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
26  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

2

1  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at

2  least some degree of particularity overt acts which the defendants engaged in that support the

3  plaintiff's claims.  733 F.2d at 649.  A complaint must also contain "a short and plain statement

4  of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P.

5  8(a)(1) & 8(a)(3).

6        With regard to claims of fraud, "the circumstances constituting fraud . . . shall be

7  stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to

8  defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

9  the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

10  from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

11  unilaterally imposing upon the court, the parties and society enormous social and economic costs

12  absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

13  (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule

14  9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place,

15  persons, statements and explanations of why allegedly misleading statements are misleading.  In

16  re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy

17  Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th

18  Cir. 1995).[1]

19                    PLAINTIFF'S COMPLAINT

20        The title of plaintiff's complaint reveals that the action arises from mortgage

21  foreclosure proceedings.  The following eleven claims are enumerated in the caption of the

22  pleading:  vacate and set aside foreclosure sale; intentional misrepresentation and deceit or fraud;

23  predatory lending practices; breach of fiduciary duty; intentional violation of California Civil

24  _____

25        [1]  "Under California law, the 'indispensable elements of a fraud claim include a false
   representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"
26  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

3

1    Code §§ 1916.7, 1920, and 1921; demand for accounting; unfair business practices; breach of

2    covenant of good faith and fair dealing; declaratory relief; quiet title; and injunctive relief.

3    (Compl. (Doc. No. 1 at 13-32) at 1.)

4              In his complaint plaintiff alleges as follows:  the property at issue is residential

5    real property located in Auburn in Placer County; defendant Bank of America was engaged in

6    making and selling risky loans when plaintiff refinanced his property; defendant engaged in

7    negligent lending practices in areas of Placer County primarily populated by minority races for

8    the purpose of generating as many sub-prime loans as possible for sale to investors; defendant

9    enticed minority borrowers to obtain loans they would not have qualified for under conventional

10   loan practices; plaintiff was a victim of defendant's improper sales efforts; defendant paid a

11   broker a fee to steer plaintiff into a higher rate loan; plaintiff was assured that the amount of the

12   proposed loan would not exceed $129,500, but defendant paid an appraiser to appraise the

13   property at an amount greater than its actual value; plaintiff discovered after loan closing that he

14   had been misled; plaintiff was fraudulently induced by defendant Bank of America into

15   refinancing his property through this tainted loan; in March 2008 plaintiff defaulted on his loan

16   payments; between March 2008 and May 2010 plaintiff was deceived into believing that

17   defendant would make a reasonable and fair loan modification; defendant did not qualify plaintiff

18   for a loan modification agreement and did not offer to reduce the loan amount due; defendant

19   commenced a non-judicial foreclosure proceeding and held a foreclosure sale with respect to the

20   subject property on May 24, 2010.  (Compl. ¶¶ 1-19 & 25.)

21             Plaintiff seeks rescission of the loan, compensatory and special damages, punitive

22   and exemplary damages, an order reconveying the property to him, a declaration deeming

23   defendant's actions to be unfair and deceptive business practices and deeming defendant to have

24   no interest in the subject property, an accounting, an order requiring defendant to produce the

25   original loan documents, an order quieting title, a preliminary injunction prohibiting defendant

26   /////

1  from selling or interfering with plaintiff's possession of the property pending resolution of this

2  action, and costs of suit.  (Compl. at 28-31.)

3  PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION

4  As noted, defendant filed its motion to dismiss on July 15, 2010.  Plaintiff did not

5  file timely written opposition to the motion, did not appear at the hearing held on August 27,

6  2010, and did not file any written opposition subsequent to the hearing.  The court's docket for

7  this case reflects that plaintiff has filed nothing in this action since it was removed from state

8  court.  Plaintiff's failure to appear at the properly noticed hearing on defendant's motion to

9  dismiss may, in the discretion of the court, be deemed a statement of no opposition to the

10  granting of the motion.  <u>See</u> Local Rule 230(i).  An inference of non-opposition in the present

11  case is supported by plaintiff's failure to file written opposition combined with his failure to

12  appear at the hearing.  <u>See</u> Local Rule 230(c) ("No party will be entitled to be heard in opposition

13  to a motion at oral arguments if opposition to the motion has not been timely filed by that

14  party.").

15  ANALYSIS

16  The undersigned finds that plaintiff's failure to file written opposition and failure

17  to appear at the hearing on defendant's motion to dismiss, considered together with plaintiff's

18  failure to participate in this action since its removal to federal court, should be deemed a

19  statement of no opposition to the granting of defendant's motion.  Nonetheless, in light of

20  plaintiff's pro se status, the undersigned has reviewed defendant's arguments in support of

21  dismissal and finds them to be well taken with respect to each of plaintiff's claims.

22  At the outset, in connection with the pending motion defendant has requested

23  judicial notice of two documents related to matters at issue.  (Doc. No. 6.)  Defendant's request

24  for judicial notice will be granted pursuant to Federal Rule of Evidence 201.  <u>See</u> <u>Lee v. City of</u>

25  <u>Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider

26  matters of public record); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986)

1   (on a motion to dismiss, the court may take judicial notice of matters of public record outside the

2   pleadings).  Accordingly, the undersigned takes judicial notice of plaintiff's Deed of Trust

3   recorded October 4, 2005, and the California Department of Corporations' List of Licensees

4   showing that Bank of America, N.A. is permanently exempted from compliance with Civil Code

5   § 2923.52(a).  (Def't's Req. for Judicial Notice in Supp. of Mot. to Dismiss, Exs. A & B.)

6   I.      Wrongful Foreclosure/Rescission

7               In his first cause of action, plaintiff seeks to vacate and set aside the foreclosure

8   sale of the subject property on the ground that the sale conducted was in violation of California

9   Civil Code §§ 2923.5a and 2924.  However, there does not appear to be a private right of action

10  under California Civil Code § 2923.5.  See Zendejas v. GMAC Wholesale Mortgage Co., No.

11  1:10-CV-00184 OWW GSA, 2010 WL 2629899, at *4-5 (E.D. Cal. June 29, 2010); Gaitan v.

12  Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *9

13  (C.D. Cal. Oct. 5, 2009); Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV. S-09-1504

14  LKK/KJM, 2009 WL 2880393, at *10-11 (E.D. Cal. Sept. 3, 2009).  Moreover, plaintiff merely

15  accuses defendant of "illegal recording of the Notice of Default" but fails to allege that the notice

16  of default was improper in any way and fails to allege violation of any specific provision of

17  California Civil Code § 2923.5(a) or § 2924.  Finally, to the extent that § 2924 requires

18  compliance with § 2923.52, defendant Bank of America is exempted from the compliance

19  provisions.

20              The court also notes that to the extent plaintiff seeks an order declaring the

21  foreclosure proceedings to have been in violation of state law and/or for the rescission of his

22  mortgage loan agreement, his claim fails because he has not alleged the ability to tender the

23  entire amount due on the mortgage loan to defendant.

24              "A valid and viable tender of payment of the indebtedness owing is
                essential to an action to cancel a voidable sale under a deed of
25              trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App.3d
                112, 117 (Cal. App.2d Dist.1971). The overwhelming majority of
26              California district courts utilize the Karlsen rationale in examining

wrongful foreclosure claims.  Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt").  The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property."  Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Federal Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010).  See also Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).

For all of these reasons, defendant's motion to dismiss plaintiff's first cause of action should be granted.

II.   Intentional Misrepresentation, Deceit and Fraud

In his second cause of action, plaintiff seeks damages for alleged intentional misrepresentation, deceit and fraud.  In California, an action for relief on the ground of fraud or mistake must be brought within three years after the aggrieved party discovers the facts constituting fraud or learns facts sufficient to make a reasonably prudent person suspicious of fraud.  Cal. Code of Civ. Proc. § 338(d); Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008).  Plaintiff alleges that he was fraudulently induced to refinance his

property on September 28, 2005, and discovered the fraud immediately after loan origination. Plaintiff alleges that he then made payments on the loan for three years and yet did not file a complaint alleging fraud until more than four and a half years after the refinancing.  Plaintiff's second cause of action is therefore time-barred on its face.

In addition, plaintiff's complaint alleges fraud only in conclusory terms that fail to state a cognizable claim.  It is impossible to ascertain with any degree of particularity the precise fraudulent conduct being alleged.  Furthermore, plaintiff's fraud claim invokes no applicable statutory or common law authority pursuant to which the court could grant relief.

Nonetheless, construing the pro se complaint liberally, the court notes that under California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his or her consent to the contract was obtained through fraud.  However, under California law a claim of fraud must allege the following elements:  "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted).  When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater . . . .  The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'"  Lazar, 12 Cal. 4th at 645 (quoting Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

Similarly, federal law requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Proc. 9(b).  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th

8

Cir. 1988). <u>See</u> <u>also</u> <u>e.g.</u> <u>Spencer v. DHI Mortgage Co.</u>, Case No. CV F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009). Dismissal of a fraud claim is appropriate when its allegations fail to meet the required pleading standard. <u>Vess</u>, 317 F.3d at 1107; <u>see</u> <u>also</u> <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"); <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994); 1991); <u>Tarmann</u>, 2 Cal. App.4th at 157. Here, plaintiff's bare allegations of fraud and intentional misrepresentations are insufficient to state a cognizable claim under the standards set forth above.

Finally, to the extent that plaintiff alleges violations of California Civil Code §§ 2923.52 and 2923.53 based on fraudulent conduct, his claim must be dismissed because defendant Bank of America is exempt from compliance with § 2923.52 and its loan modification program has been found to comply with § 2923.53.

For all of these reasons, defendant's motion to dismiss plaintiff's second cause of action should be granted.

III.   <u>Predatory Lending Practices</u>

Plaintiff's third cause of action, alleging predatory lending practices on the part of defendant Bank of America under numerous statutes, fails to state any claim upon which relief may be granted. Plaintiff's claims for monetary damages under the Truth in Lending Act (TILA) and the Home Ownership Equity Protection Act (HOEPA) are time-barred. In this regard, under TILA, an action for damages must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The occurrence of the violation is generally defined as the date on which the money is loaned to the debtor. <u>Meyer v. Ameriquest Mortgage Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003). A HOEPA claim for damages is also subject to TILA's one-year statute of limitations. <u>See</u> <u>Abed-Stephens v. First Fed. Bank of Cal.</u>, No CV 09-7879 AHM (VBKx), 2010 WL 1266833, at *2 (C.D. Cal. Mar. 30, 2010); <u>Fonua v. First Allied Funding</u>, No. C 09-497 SI, 2009 WL 816291, at *11-12 (N.D. Cal. Mar. 27, 2009). Here, plaintiff brought his

1  TILA and HOEPA claims four and a half years after he refinanced the subject property through

2  this loan, and three and a half years after the one-year statute of limitations had expired.

3          Plaintiff's claim under California Civil Code § 1632 is also subject to a one-year

4  statute of limitations pursuant to California Civil Code § 340(a) and is likewise time barred.  In

5  addition, § 1632 applies only to persons who negotiate primarily in a language other than English

6  and does not apply to a mortgage loan secured by an interest in real property.  Cal. Civ. Code §

7  1632(b)(2).  Rescission is the only remedy available under § 1632, and that remedy is not

8  available to plaintiff because, as noted above, he has not alleged that he is able to tender the

9  proceeds of his loan.

10          For these reasons, defendant's motion to dismiss plaintiff's third cause of action

11  should be granted.

12  IV.     Breach of Fiduciary Duty

13          Plaintiff's fourth cause of action, alleging breach of fiduciary duty, fails to allege

14  facts demonstrating the existence of a fiduciary relationship between plaintiff and defendant

15  Bank of America.  Instead, plaintiff offers only a conclusory allegation that defendant "created,

16  accepted and acted in a fiduciary relationship of great trust and acted for and were the processors

17  of property for the benefit of Plaintiff."  (Compl. ¶ 41.)

18          "The elements of a cause of action for breach of fiduciary duty are: 1) the

19  existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."

20  Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008).  "A fiduciary or confidential relationship

21  can arise when confidence is reposed by persons in the integrity of others, and if the latter

22  voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take

23  advantage of the other's interest without that person's knowledge or consent."  Pierce v. Lyman,

24  1 Cal. App.4th 1093, 1101-02 (1991).  However, "[t]he relationship between a lending institution

25  and its borrower-client is not fiduciary in nature."  Nymark v. Heart Fed. Savings & Loan Ass'n,

26  231 Cal. App. 3d 1089, 1093 n.1, 1096 (1991) ("[A]s a general rule, a financial institution owes

1  no duty of care to a borrower when the institution's involvement in the loan transaction does not

2  exceed the scope of its conventional role as a mere lender of money."); see also Oaks

3  Management Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006) (absent special

4  circumstances, a loan transaction is at arm's-length and there is no fiduciary relationship between

5  the borrower and lender).  A commercial lender is entitled to pursue its own economic interests

6  in a loan transaction.  Nymark, 231 Cal. App.3d at 1093 n.1 (citing Kruse v. Bank of America,

7  202 Cal. App. 3d 38, 67 (1988)).

8  　　　　　Defendant Bank of America had no fiduciary duty to plaintiff, absent special

9  circumstances.  Plaintiff's conclusory allegation of fiduciary duty is insufficient to withstand a

10  motion to dismiss.  For this reason, defendant's motion to dismiss plaintiff's fourth cause of

11  action should be granted.

12  V.　　California Civil Code §§ 1916.7, 1920 and 1921

13  　　　　　Plaintiff's fifth cause of action, alleging "intentional violation" of California Civil

14  Code §§ 1916.7, 1920, and 1921, fails to state a cognizable claim because these statutory

15  provisions govern adjustable rate mortgages originated under state law and plaintiff has failed to

16  allege any facts indicating that the loan at issue was originated under California law.  See Santos

17  v. U.S. Bank N.A., 716 F. Supp. 2d 970, 980 (E.D. Cal. 2010) ("Section 1916.7 applies only to

18  mortgage loans made pursuant to it.  Cal. Civil Code § 1916(b).  Plaintiff has not alleged facts

19  showing that Section 1916.7 applied to her loan."); Estillore v. Countrywide Bank FSB, No. CV

20  F 10-1243 LJO GSA, 2011 WL 348832, at *15 (E.D. Cal. Feb 2, 2011) (same); Madrid v. J.P.

21  Morgan Chase Bank, N.A., No. 09-cv-00731-JAM-GGH, 2009 WL 3255880, at *3 (E.D. Cal.

22  Oct. 8, 2009) ("Section 1916.7 only applies to mortgage loans made pursuant to it."); Wong v.

23  First Magnus Fin. Corp., No. C-09-01612 RMW, 2009 WL 2580353, at *3 (N.D. Cal. Aug. 20,

24  2009) (granting defendant's motion to dismiss claims brought under § 1916.7 because the statute

25  applies only to mortgage loans made pursuant to it).

26  /////

1          Defendant also argues that plaintiff cannot amend his complaint to allege facts

2  showing that § 1916.7 applies to his loan because defendant is a federally chartered bank and

3  plaintiff's loan was originated in compliance with federal law.  It appears that plaintiff's claim

4  under these state law provisions is preempted by federal law in any event.  See Santos, 716 F.

5  Supp. 2d at 980-81 (claim under California Civil Code § 1916.7 preempted by the federal

6  Alternative Mortgage Transaction Parity Act (AMTPA) of 1982); Garcia v. Wachovia Mortgage

7  Corp., 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009) (claim brought under California Civil Code §

8  1916.7 subject to federal preemption); see also Jennings v. Washington Mutual Bank, No. CIV

9  S-10-2126-FCD-CMK, 2011 WL 775861, at *5-6 (E.D. Cal. Feb. 28, 2011) (claims brought

10  under California Civil Code §§ 1916.7, 1920, and 1921 found to be preempted by HOLA);

11  Hawkins v. First Horizon Home Loans, No. CIV S-10-1876-FCD-GGH, 2010 WL 4823808, at

12  *12 (E.D. Cal. Nov. 22, 2010) (claim brought under California Civil Code § 1916.7 found to be

13  preempted by the AMTPA); Kanady v. GMAC Mortgage, LLC, No. CV F 10-1742 LJO DLB,

14  2010 WL 4010289, at *12 (E.D. Cal. Oct. 13, 2010) (claims brought under California Civil Code

15  §§ 1916.7, 1920, and 1921 dismissed based upon federal preemption)

16          For these reasons, defendant's motion to dismiss plaintiff's fifth cause of action

17  should be granted.

18  VI.    Claim for an Accounting

19          In the sixth cause of action of his complaint, plaintiff demands an accounting of

20  the "true amount of money, if any, owed" to defendant and "the true note holder."  (Compl. ¶¶

21  51-52.)  Plaintiff alleges that he has requested a copy of his entire file and received no response.

22  (Id. ¶ 51.)

23          A loan servicer is not required to provide an accounting pursuant to § 2605 of the

24  Real Estate Settlement Procedures Act (RESPA).  In short, "there is no statutory basis for an

25  accounting under RESPA." Aniel v. Litton Loan Servicing, LP, No. C 10-00951 SBA, 2011 WL

26  6355258, at *5 (N.D. Cal.  Feb. 11, 2011) (quoting Farias v. FCM Corp., No. 10cv260 L(CAB),

2010 WL 4806894, at *3 (S.D. Cal. Nov. 10, 2010).  See also Orozco v. DHI Mortgage, Co. Ltd, LP, No. 09-CV-1894 JLS (BLM), 2010 WL 2757283, at *6 (S.D. Cal. July 13, 2010) (no statutory basis for accounting under 12 U.S.C. § 2605); Zendejas v. GMAC Wholesale Mortg. Corp., No.1:10-CV-00184 OWW GSA, 2010 WL 2490975, at *8 (E.D. Cal. June 16, 2010) ("section 2605, which imposes upon a loan servicer an obligation to respond to borrower inquiries, does not provide for an accounting"); Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("but section 2605 does not provide for accounting").[2]

Moreover, even if the court were to construe plaintiff's complaint as seeking an accounting independent of RESPA, under California law any right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims.  Duggal v. G.E. Capital Commc'ns Servs., Inc., 81 Cal. App. 4th 81, 95 (2000); Union Bank v. Superior Court, 31 Cal. App.4th 573, 593-94 (1995).  Here, since the court finds that plaintiff has alleged no basis for a finding of fraud nor sufficiently pled any of his claims of misconduct against defendant bank of America, plaintiff does not have a right to an accounting.  Additionally, plaintiff has not alleged that he is due any monies from defendants.  Absent such an allegation, plaintiff has no right to an accounting.  See Baxter v. Krieger, 157 Cal. App. 2d 730, 732 (1958).

For these reasons, plaintiff's sixth cause of action for an accounting is not cognizable and should be dismissed.

VII.   Unfair Competition/False Advertising

Plaintiff's seventh cause of action alleging state law claims for unfair competition under the Unfair Competition Law (UCL) and False Advertising Law (FAL) is time-barred.

/////

---

[2]  In any event, plaintiff has also failed to allege that he submitted a proper qualified written request for loan servicing information to defendant.  Nor has plaintiff alleged that he suffered any actual damage as a result of the alleged failure to provide an accounting or loan file information.

1  Moreover, plaintiff has not alleged a valid predicate claim with respect to this cause of action and

2  such a claim is subject to federal preemption.

3        An action under California's UCL must be brought within four years of the cause

4  of action accruing.  Cal. Bus. & Prof. Code § 17208.  A claim for violation of California's FAL

5  is subject to a three year statute of limitations.  Cal. Civ. Proc Code § 338(a).  Here, as noted

6  above, plaintiff entered into the loan transaction in the fall of 2005 and did not file his complaint

7  until over four and half years later, on May 28, 2010.  Accordingly, this cause of action is barred

8  by the applicable statutes of limitations.

9        Moreover, the UCL (California Business and Professions Code § 17200)

10  proscribes unlawful business practices by borrowing violations of other laws and making them

11  independently actionable under the UCL.  Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20

12  Cal. 4th 163, 180 (Cal. 1999).  If a plaintiff fails to establish a violation of some other law, the

13  allegation of a UCL claim will also fail.  Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp.

14  2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate

15  violations, Plaintiff cannot state a claim under the unlawful business practices prong of the

16  UCL.").  Here, because plaintiff has not stated any viable predicate claim with respect to

17  unlawful conduct on the part of defendant, there can be no liability under the UCL.

18        Plaintiff's vague allegations fail to identify any specific violation of California

19  Business and Professions Code § 17500 (FAL) and are thus insufficient.  Moreover, any claim

20  for violation of the FAL would appear to be preempted by HOLA.  Silvas v. E*Trade Mortgage

21  Corp., 514 F.3d 1001, 1004-05 (9th Cir. 2008); Sharma v. Wachovia, No. 2:10-CV-2274 JAM-

22  KJN, 2011 WL 66506, at *3 (E.D. Cal. Jan. 7, 2011) (dismissing claim brought under § 17500 as

23  preempted by HOLA).

24        For all of these reasons, plaintiff's seventh cause of action alleging state law

25  claims for unfair competition and false advertising should be dismissed.

26  /////

VIII.   Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff's eighth claim for breach of implied covenant of good faith and fair dealing is subject to dismissal because it is barred by the four-year statute of limitations and plaintiff failed to allege that defendant breached an underlying contract.

The statute of limitations for a claim of breach of the implied covenant of good faith and fair dealing under California law is four years.  Cal. Code Civ. Proc. § 337; see also Wilkerson v. World Savings and Loan Ass'n., No. CIV S-08-2168 LKK DAD PS, 2009 WL 2777770, at *3 (E.D. Cal. Aug. 27, 2009).  As noted above, plaintiff entered this loan transaction in the fall of 2005 and yet did not file this action until May 28, 2010, long after the statute of limitations for pursuing this claim had expired.  Therefore, this cause of action is time barred.

Moreover, "[t]o establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract."  Fortaleza v. PNC Fin. Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing Racine & Laramie v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1031 (1992)).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  Pasadena Live, LLC v. City of Pasadena, 114 Cal. App.4th 1089, 1093-1094 (2004).  See also Guz v. Bechtel Nat. Inc., 24 Cal 4th 317, 349-50 (2000).  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself."  Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1120 (2008).

Plaintiff has not alleged how defendant frustrated his rights under the contract.  Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d 1092, 1102 (E.D. Cal. 2010).  Of course, defendant had no duty to disclose to plaintiff that he did not have the ability to repay his loan.  See Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL

481482, at *5 (C.D. Cal. Feb 23, 2009) (citing <u>Nymark</u>, 231 Cal. App. 3d at 1096).  <u>See also</u>

<u>Davidson v. Countrywide Home Loans, Inc</u>, No. 09-CV-2694-IEG (JMA), 2010 WL 2925440, at

*9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiffs bases this claim on the contention that

Countrywide gave Davidson a loan she could not afford, this claim would fail."); <u>Camillo v.</u>

<u>Washington Mutual Bank, F.A.</u>, No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, at * 7 (E.D.

Cal. Oct. 27, 2009) ("Thus, Defendants had no duty to disclose to [Plaintiffs] that [they] did not

have the ability to repay the loan.").

   For all of these reasons, plaintiff's claim for breach of implied covenant of good

faith and fair dealing should be dismissed.

IX. <u>Declaratory Relief</u>

   In his ninth cause of action plaintiff seeks declaratory relief.  Essentially, plaintiff

seeks an order from the court rescinding the loan, reconveying the property to him, declaring

defendant's actions to be unfair and deceptive business practices, deeming defendant to have no

interest in the subject property, requiring both an accounting and defendant's production of the

original loan documents, and quiet title.  For the reasons set forth above in addressing plaintiff's

substantive causes of action, his claim for declaratory relief also fails.

   It is well recognized that "where a plaintiff has alleged a substantive cause of

action, a declaratory relief claim should not be used as a superfluous 'second cause of action for

the determination of identical issues' subsumed within the first."  <u>Jensen v. Quality Loan Service</u>

<u>Corp.</u>, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) (quoting <u>Hood v. Superior Court</u>, 33 Cal.

App. 4th 319, 324 (1995)).  <u>See also</u> <u>Camillo</u>, 2009 WL 3614793, at *13 (dismissing declaratory

relief claim as redundant where the claim would not resolve issues other than those addressed by

way of the substantive claims of the complaint).

   Plaintiff's ninth cause of action for declaratory relief should therefore be

dismissed.

/////

1  X.      Quiet Title

2          Plaintiff's tenth cause of action for quiet title fails because plaintiff has not

3  alleged that he can tender the funds necessary to cure his default.  "[A] mortgagor cannot quiet

4  his title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219

5  Cal. 637, 649 (1934).  See also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Lane, 713 F.

6  Supp. 2d at 1103 ("As plaintiffs concede they have not paid the debt secured by the mortgage,

7  they cannot sustain a quiet title action against defendants."); Kelley v. Mortgage Electronic

8  Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that

9  they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a

10 claim to quiet title.").

11         Here, plaintiff's complaint does not allege that he has tendered, or is able to

12 tender, the debt secured by the subject property.  As such, plaintiff cannot state a cognizable

13 claim for quiet title and the claim should be dismissed.

14 XI.     Injunctive Relief

15         In his eleventh cause of action plaintiff seeks a preliminary injunction prohibiting

16 defendant from selling or interfering with his possession of the property.  For the reasons set

17 forth above, it is apparent that plaintiff is not entitled to injunctive relief.

18         "The proper legal standard for preliminary injunctive relief requires a party to

19 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

20 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

21 injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

22 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, ___, 129 S. Ct. 365, 374

23 (2008)).  Plaintiff's cause of action for injunctive relief is premised on his flawed substantive

24 claims.  For the reasons set forth above with respect to those claims, plaintiff has failed to

25 demonstrate that he is likely to succeed on the merits, that the balance of equities tips in his favor

26 or that an injunction is in the public interest.

1    Accordingly, plaintiff's separate cause of action seeking injunctive relief should

2    be dismissed as well.

3    XII.    Granting Leave to Amend Would Be Futile

4    The undersigned has carefully considered whether plaintiff may amend his

5    complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

6    to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

7    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

8    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

9    while leave to amend shall be freely given, the court does not have to allow futile amendments).

10   Leave to amend would clearly be futile in this case given the obvious deficiencies of the

11   complaint noted above as well as plaintiff's failure to file any opposition to defendant Bank of

12   America's motion to dismiss or to appear at the hearing thereon.  Accordingly, the undersigned

13   will recommend that this action be dismissed with prejudice.

14                                          CONCLUSION

15   For the reasons set forth above, IT IS HEREBY ORDERED that defendant's

16   request for judicial notice (Doc. No. 6) is granted; and

17   IT IS RECOMMENDED that:

18   1. Defendant Bank of America N.A.'s July 15, 2010 motion to dismiss (Doc. No.

19   5) be granted; and

20   2.  This action be dismissed with prejudice.

21   These findings and recommendations will be submitted to the United States

22   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

23   fourteen days after being served with these findings and recommendations, any party may file

24   and serve written objections with the court.  A document containing objections should be titled

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

26   shall be filed and served within seven days after the objections are served.  The parties are

1    advised that failure to file objections within the specified time may, under certain circumstances,

2    waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

3    Cir. 1991).

4    DATED: March 31, 2011.

5

6    _____

7    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

8    DAD:dad/kw
     Ddad1/orders.pro se/brown1758.mtd.f&r

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26